UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSCAR JIGGETTS,                                          :

                           Petitioner,          :

                -against-                        :        **MEMORANDUM AND ORDER**

ROYCE MARK,                                              :        20-CV-2689 (AJN) (KNF)

                          Respondent.       :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The May 1, 2020 order, directing the respondent to answer the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554 on June 30, 2020, was mailed by the Clerk of Court, on May 6, 2020, to the: (i) Attorney General of the State of New York; and (ii) District Attorney of New York County.  On May 10, 2020, the petitioner requested that his petition be stayed and held in abeyance so he can exhaust in state court his claim of ineffective assistance of counsel based on "failure to investigate."  On May 29, 2020, the Court directed the: (a) petitioner to explain, on or before June 15, 2020, why he failed to exhaust his unexhausted claim and why his claim is not meritless; (b) respondent to respond, on or before June 29, 2020, to the request for a stay; and (c) petitioner to serve, on or before July 13, 2020, any reply.  The petitioner's June 11, 2020 letter was filed on June 23, 2020.

      By a letter-motion, dated July 1, 2020, the respondent seeks an extension of time until August 30, 2020, to answer the petition and respond to the request for a stay of the petition because the respondent's counsel, "the Criminal Appeals and Federal Habeas Corpus Bureau, first learned of the existence of this habeas proceeding today, when the Manhattan District Attorney's Office emailed us a copy of the Court's Order to Answer (ECF No. 5)," and counsel

1

immediately requested and is awaiting the state court records.  The respondent's counsel asserts that a staff member is assigned "to investigate why the Bureau did not receive the copy of the order that the Clerk mailed to the Attorney General on May 6, 2020, according to the docket report."  The respondent contends that no prejudice to the petitioner from the extension of time exists, since he seeks a stay of the petition, and the respondent's counsel states: "I have not sought his consent to this request, because it is difficult to communicate with him efficiently on account of his *pro se* status and upstate incarceration."

"When an act may or must be done within a specified time, the court may . . . extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Although the respondent explains that the failure is due to his counsel's neglect, the respondent did not show that the neglect was excusable.  Counsel asserts that she "first learned of the existence of this habeas proceeding today," July 1, 2020, **after** the expiration of the deadlines to answer and oppose the motion to stay the petition.  Faced with two expired deadlines ordered by the court, counsel decided to "assign[] a staff member to investigate why" counsel's particular unit did not receive, until July 1, 2020, the May 1, 2020 order mailed to both the Attorney General of the State of New York and District Attorney of New York County, on May 6, 2020, rather than to act in person with due speed and diligence, taking full responsibility for the failure to meet the deadlines and preventing prejudice to the respondent by determining and explaining to the Court the: (i) whereabouts of a copy of the order mailed to and presumably received by the Attorney General of the State of New York, since it was not returned to the Clerk of Court; and (ii) reasons for the almost two-month delay in receiving a copy of the order mailed to and received by the District Attorney of New York

County.  Moreover, the respondent failed to make citation in its letter-motion to any legal authority in support of its request.

Although the Court cannot conclude that the respondent's neglect to comply with the May 1, 2020 order is excusable, the Court finds that the respondent's failure to comply with the Court's May 29, 2020 is an excusable neglect under the circumstances, in light of: (a) the petitioner's failure to serve the respondent with his request to stay the petition; and (b) "a strong 'preference for resolving disputes on the merits'" in this circuit, New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).  Thus, the respondent's request for an extension of time to answer the petition and respond to the request to stay the petition, Docket Entry No. 12, is granted.  It is ORDERED that:

- on or before July 30, 2020, the respondent shall serve and file a response, no longer than five pages, to the request to stay the petition;

- on or before August 20, 2020, the petitioner shall serve and file any reply to the response to his request for a stay;

- the respondent shall serve and file the answer to the petition within 60 days from the later of: (i) the date of the denial of the request to stay; or (b) if the request to stay is granted, the date on which the petitioner returns to the court after his unexhausted claim is exhausted; and

- the petitioner may serve and file any reply within 60 days from the date he is served with the respondent's answer.

The petitioner must serve the respondent with any writing he files with the court in the future. The respondent's unsupported assertion for the reason he did not seek the petitioner's consent to the extension of time, namely, "because it is difficult to communicate with him efficiently on

3

account of his *pro se* status and upstate incarceration," is rejected as meritless and will not be considered in the future without evidence of the respondent's attempt to communicate and the reason(s) for the failure.

**<u>The Clerk of Court is directed to mail a copy of this Order to the petitioner.</u>**

Dated:   New York, New York
        July 6, 2020	SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4