UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
OSCAR JIGGETTS,                                    :

                       Petitioner,            :

              -against-                  :          **MEMORANDUM AND ORDER**

ROYCE MARK,                                         :          20-CV-2689 (AJN) (KNF)

                 Respondent.        :
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE


On January 28, 2020, petitioner Oscar Jiggetts ("Jiggetts"), proceeding pro se,

commenced this action under 28 U.S.C. § 2254 for a writ of habeas corpus, asserting the

following claims: (1) "cross-racial identification charge should have been given, defendant is

Black and the Complainant is white"; (2) his counsel rendered ineffective assistance to him; and

(3) his lineup was unduly suggestive. By a letter, dated May 10, 2020, the petitioner requested

that the petition be held in abeyance so he can exhaust his claim of ineffective assistance of

counsel based on counsel's "failure to investigate." Docket Entry No. 8. The Court directed the:

(a) petitioner to explain "the reason for failing to exhaust his 'failure to investigate' claim in state

court" and "why his unexhausted 'failure to investigate' claim is not meritless"; and (b)

respondent to respond to the petitioner's request to hold the petition in abeyance, on or before

June 29, 2020. Docket Entry No. 9.

### PETITIONER'S CONTENTIONS

The petitioner filed a letter dated June 11, 2020, Docket Entry No. 10, contending:

As I was asking men in the inmate law library for help for my writ of habeas corpus,
he read my tr[ia]l transcript and asked me about me testifying at tr[ia]l to being at
the DMV [Department of Motor Vehicles]. He ask[ed] me did my tr[ia]l lawyer

1

know that I was going to testify to this and I stated yes and he asked did they get the video from the DMV, to which I stated I did not know and I was told to write and find out.  I wrote my tr[ia]l lawyer Ms. Basima Hafiz and asked her this.  I did not hear from her until December 2019.  Which she stated she would [look] into what I asked her.  But she never said if she got the video or not.  I wrote again and till this day I have not heard from her.  Then I was told to write this court to see if I can get this writ held in abeyance to file my [Criminal Procedure Law §] 440.10[(1)](h).  The reason why this failure to investigate has merit is because had my tr[ia]l lawyer got the video from the DMV it would have shown that I was at the DMV when this crime was committed.

## RESPONDENT'S CONTENTIONS

The respondent asserts that the petitioner did not show good cause for failing to exhaust his new claim in state court "at any point over the four years since he was convicted," and neither his ignorance of law nor trial counsel's alleged failure to respond adequately to his inquiry constitutes good cause.  The respondent contends that the petitioner showed no external cause for his procedural default, and the "factual predicate for his unexhausted claim—that counsel knew of his alibi testimony yet presented no security video to corroborate it—has been known to Jiggetts since trial.  He thus could have raised his claim in a C.P.L. [Criminal Procedure Law] § 440.10 motion at any time after his July 29, 2016 sentencing."  The petitioner does not specify the date on which he received the legal assistance, which "could have been months or years before December 2019—which would mean that he was in fact aware of the legal basis of his claim for months or years before taking any steps to pursue it."  Moreover, counsel's alleged failure to respond to his second letter occurred after December 2019, would explain, at most, the last two or three months of a four-year delay, but counsel's failure to respond cannot be considered cause for delay because it did not prevent the petitioner from presenting his new claim in state court.

The respondent contends that, even if good cause exists for the delay, a stay is not warranted because the petitioner's new claim is meritless, since he fails to show prejudice from counsel's error.  The petitioner "offers nothing more than a bald assertion that security video would have shown him at the DMV at the time of the robbery," alleging "no facts to support the assertion and instead asks the Court to rely entirely on speculation."  According to the respondent, it is unlikely that the petitioner "could somehow show that he was at the DMV on the date of the crime," and he "would still need to show that the DMV had a camera that captured a recognizable image of him at the time of the robbery" and that "such a recording was available to counsel at the time he informed her of his DMV alibi."  The petitioner does not allege that he made any effort to obtain a copy of DMV security video.

## PETITIONER'S REPLY

The petitioner asserts that he filed this petition timely "only after exhausting his state cases" and within the statute of limitations, which "was running out."  The petitioner acknowledges that lack of legal knowledge "in itself is not enough" to show good cause for delay, but asserts that he was confused reasonably and, acting in good faith, he filed the petition protectively to avoid a statute of limitation bar and to ask for a stay of the petition until all state-court remedies are exhausted.  Concerning prejudice, the petitioner asserts that "[b]ecause of trial counsel's failure to investigate the fact that defendant was in the DMV the jury did not get to see this," and "defendant's testimony would have produced just out come [sic]"; thus, a reasonable probability exists that "but for counsel's unprofessional errors, result of the proceedings would have been different."  According to the petitioner, had counsel obtained the video "that would have shown defendant there at the time of the crime defendant would not have been convicted, and that is not speculation and that is a fact."

**LEGAL STANDARD**

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines" that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005).

**APPLICATION OF LEGAL STANDARD**

The petitioner's application for leave to appeal the affirmance of his judgment of conviction was denied on April 2, 2019.  See People v. Jiggetts, 33 N.Y.3d 977, 101 N.Y.S.3d 258 (2019).  Since the petitioner's ineffective assistance of counsel claim based on the ground of "failure to investigate" was not raised in the petition and is unexhausted, and in light of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) and the petitioner's pro se status, the Court deems the petition amended to include the unexhausted claim of ineffective assistance of counsel based on the ground of "failure to investigate."  Thus, the amended petition contains exhausted and unexhausted claims.

Although the petitioner does not state when he first contacted his attorney asking her to inquire about "the video from the DMV," he asserts that he did not hear from his attorney until December 2019, when she informed him that she would look into it, but she failed to respond after that.  The petitioner was diligent in filing the instant petition, on January 28, 2020, and he made the instant application to hold the petition in abeyance within a reasonable time after filing his petition.  Thus, no indication exists that the petitioner engaged intentionally in dilatory litigation tactics.

4

The petitioner's ignorance of law alone is not sufficient to constitute good cause to excuse his failure to exhaust his ineffective assistance of counsel claim.  However, the petitioner asserts that his delay was also caused by his attorney's failure to respond to his inquiry whether she obtained a video from the DMV, after counsel informed him, in December 2019, that she would look into it.  The respondent acknowledges that counsel's failure to respond would explain some delay.  Although the respondent asserts that counsel's lack of response did not prevent the petitioner from raising the claim of ineffective assistance of counsel in the state court, it was not unreasonable for the petitioner to approach his counsel to inquire whether she obtained a video from the DMV before making a claim in state court that she rendered ineffective assistance to him by failing to obtain a video from the DMV and investigating his alibi.  The Court finds that in the circumstance of this case, the petitioner showed good cause for failure to exhaust his ineffective assistance claim based on the ground of "failure to investigate."

The petitioner asserts that his attorney failed to investigate his alibi, namely, that at the time of the crime he was at the DMV.  The respondent asserts that the petitioner's unexhausted claim is meritless because he fails to show prejudice from counsel's alleged errors, since he "offers nothing more than a bald assertion that security video would have shown him at the DMV at the time of robbery," without "facts to support the assertion."  The respondent does not suggest what facts the petitioner could offer to support his assertion "that security video would have shown him at the DMV at the time of robbery" other than obtaining the DMV video that would show the petitioner at the DMV at the time of the robbery.  That is what the petitioner attempted to inquire about with his counsel, i.e., whether she obtained the video from the DMV, which, he alleges "would have shown that [he] was at the DMV when this crime was committed."  The petitioner asserts that the reason why his claim based on counsel's "failure to

investigate has merit is because had my tr[ia]l lawyer got the video from the DMV it would have shown that I was at the DMV when this crime was committed." Although ultimately the petitioner may not be able to establish prejudice in state court, on his claim of ineffective assistance of counsel based on failure to investigate, the Court finds that the unexhausted claim is potentially meritorious.

The petitioner showed good cause for failing to exhaust his claim, his claim of ineffective assistance of counsel for failure to investigate his alibi is potentially meritorious and the petitioner acted diligently in pursuing the claim.

**CONCLUSION**

The Court finds that granting the petitioner's application to stay and hold the petition in abeyance until the claim of ineffective assistance of counsel on the ground of failure to investigate the petitioner's alibi is exhausted, Docket Entry No. 10, is warranted. The petitioner shall return to the court within 60 days from the date on which the petitioner's claim of ineffective assistance of counsel for failure to investigate his alibi becomes exhausted.

**The Clerk of Court is directed to mail a copy of this Order to the petitioner.**

Dated:   New York, New York
          September 15, 2020

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE